EL PUEBLO, DEMANDANTE Y APELADO, *v.* JIMÉNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de perjurio.

No. 1072.—Resuelto en junio 8, 1917.

PERJURIO—PREGUNTA PERJUDICIAL—DENUNCIA O ACUSACIÓN NO ES PRUEBA NI PRESUNCIÓN DE CULPABILIDAD.—En juicio por perjurio con motivo de recusación electoral se permitió que el acusado contestase, contra la objeción de su abogado, la pregunta del Fiscal sobre cuantas denuncias tenía por recusaciones, a la que contestó que se le habían leído tres acusaciones. *Se declaró:* que fué error perjudicial permitir esa pregunta porque una denuncia o una acusación no es prueba de culpabilidad ni presunción de culpabilidad y tendió a desacreditar al acusado ante el jurado para facilitar su condena.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Celestino Iriarte, Jr.*
Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Eugenio Jiménez Clas fué acusado ante la Corte de Distrito de San Juan, Sección Segunda, de que en 30 de junio de 1914 en esta ciudad de San Juan y en los días fijados para hacer las recusaciones de los electores que podían tomar parte en las elecciones generales que debían celebrarse el 3 de noviembre del mismo año en esta isla, ilegal, voluntaria y maliciosamente y con intención de privar de su voto al elector capacitado Víctor Aguilar, compareció ante un notario público autorizado para tomar juramentos, y a sabiendas de que juraba una falsedad, después de prestar ju-

ramento de decir la verdad, afirmó, conociendo su falsedad y ser un hecho esencial, que Víctor Aguilar, quien aparecía inscrito en el barrio quinto con la edad de veinte y ocho años, de color moreno, estaba cumpliendo sentencia por delito grave en el presidio de esta ciudad y solicitó su eliminación de la lista provisional de inscripciones, siendo verdad que Víctor Aguilar no ha cumplido ni ha estado recluído en el presidio por tal delito grave.

Dictada sentencia condenatoria por delito de perjurio contra el acusado e interpuesto por él el presente recurso de apelación, encontramos que entre los errores que alega como fundamento para la revocación de dicha sentencia y la orden de la corte que le negó un nuevo juicio, expone que la corte inferior cometió error permitiendo que el fiscal hiciera al acusado apelante la siguiente pregunta: "¿Cuántas denuncias tiene Ud. por recusaciones?" a pesar de la objeción que a ella hizo el abogado del apelante. Su contestación fué que se le habían leído tres acusaciones.

La declaración del acusado en el juicio se limitó a los motivos que tuvo para recusar a Víctor Aguilar en vista de ciertas investigaciones que dijo había practicado, y al repreguntarle el Fiscal lo hizo en la forma antes expresada y, a pesar de la objeción del abogado del acusado, el juez permitió que la contestara.

Sostiene el apelante que tal pregunta se le hizo para desacreditarlo ante el jurado presentándolo como un hombre mentiroso e irrespetuoso con la ley y que el hecho de haber sido denunciado no puede ser presentado como prueba. Por su parte sostiene el Fiscal de esta Corte Suprema en su alegato que con esa pregunta se tendía a demostrar el conocimiento del delito y la intención criminal por parte del acusado y que las cortes permiten esa prueba en casos similares para demostrar el motivo y plan del delito.

Si bien es cierto que hay excepciones a la regla general de que cuando un hombre es llevado a un juicio por un delito

debe ser convicto de él por prueba de que es culpable de tal delito solamente y que no debe permitirse prueba de otros delitos; sin embargo, en el caso presente no tenemos que considerar y resolver si la pregunta mencionada está comprendida o nó en la excepción que alega el Fiscal, porque refiriéndose a denuncias hechas contra el apelante y no siendo una denuncia ni una acusación del Fiscal prueba alguna de culpabilidad, ni siquiera de presunción de culpabilidad, ya que toda persona se reputa inocente de un crimen mientras por sentencia no se declare lo contrario, era claramente inadmisible tal pregunta aun para probar lo que sostiene ahora el Fiscal que trataba de probarse, y convenimos con el apelante en que no tuvo otro objeto que el de desacreditarlo ante el jurado para facilitar de ese modo su condena. Así lo declaramos también en el caso de *El Pueblo* v. *Ramírez de Arellano,* (pág. 263.)

Puesto que el caso ha de devolverse para que se celebre un nuevo juicio no es necesario resolver las otras cuestiones que se proponen.

La sentencia y resolución apeladas deben revocarse y concederse un nuevo juicio al apelante.

> *Revocada la sentencia apelada y ordenada la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.